IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BENITA NELSON and PAUL ) | |
| DOUGLAS CELESTINE, ) | |
|      Plaintiffs, ) | |
| vs. ) | No. 3:23-CV-837-G-BH |
| ) | |
| FELICAIA PETRE, ET AL., ) | |
|      Defendants. ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, *Judge Moyé's Motion to Dismiss*, filed May 12, 2023 (doc. 7), should be **GRANTED,** and the plaintiffs' claims should be dismissed.

**I. BACKGROUND**

In this civil rights action under 42 U.S.C. § 1983, Benita Nelson and Paul-Douglas Celestine (Plaintiffs) sue a state district judge (Judge), the Dallas County District Court Clerk, and a state employee for allegedly violating their rights under the Fourteenth Amendment of the United States Constitution. (*See* doc. 2 at 3.)[2] They contend that Ms. Nelson filed with the Clerk's office an original pleading bearing a "Fox 11 Stamp" in Cause No. DC-2202816, that the document was valued at $4 million, that the defendants conspired "to remove the original from the record" and steal it, and that they knew of the crime but failed to report it. (*See id*. at 1-2.) Plaintiffs also generally allege that the defendants' actions violated 42 U.S.C. §§ 1981, 1985, and 1986; maritime law under 15 U.S.C. § 1952; criminal law under 18 U.S.C. §§ 242, 641, and the Civil Rights Acts of 1866 and 1964. (*See id*. at 1.) They seek $4 million in damages. (*See id*. at 3.)

---

[1] By *Special Order 3-251*, this *pro se in forma pauperis* case has been automatically referred for full case management.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

## II.  RULE 12(b)(1)

Judge moves to dismiss Plaintiffs' claims against him under Rule 12(b)(1) of the Federal Rules of Civil Procedure.  (docs. 7 at 1, 2; 8 at 1, 6.)

**A.     Legal Standard**

A motion to dismiss under Rule 12(b)(1) challenges a federal court's subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(b)(1).  "Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).  They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum."  *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

A Rule 12(b)(1) motion "may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment."  *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006).  A court must dismiss the action if it determines that it lacks jurisdiction over the subject matter.  Fed. R. Civ. P. 12(h)(3); *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998).  "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits."  *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam).  A dismissal under Rule 12(b)(1) "is not a determination of the merits," and it "does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction."  *Id*.  Accordingly, considering Rule 12(b)(1) motions first "prevents a court without jurisdiction from prematurely dismissing a case with prejudice."  *Id*.

A district court may dismiss for lack of subject-matter jurisdiction based on (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981) (en banc). A motion to dismiss based on the complaint alone presents a "facial attack" that requires the court to merely decide whether the allegations in the complaint, which are presumed to be true, sufficiently state a basis for subject-matter jurisdiction. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1998). If sufficient, those allegations alone provide jurisdiction. *Id*. Facial attacks are usually made early in the proceedings. *Id*. "A facial attack requires the court merely to decide if the plaintiff has correctly alleged a basis for subject matter jurisdiction" by examining the allegations in the complaint, which are presumed to be true. *Rodriguez v. Tex. Comm'n on the Arts*, 992 F. Supp. 876, 878 (N.D. Tex. 1998) (citations omitted).

If the defendant supports the motion with evidence, however, then the attack is "factual" and "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Williamson*, 645 F.2d at 413. A factual attack may occur at any stage of the proceedings. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). Regardless of the nature of attack, the party asserting federal jurisdiction continually carries the burden of proof to show it exists. *Ramming*, 281 F.3d at 161.

Here, because Judge relies on Plaintiffs' complaint, he presents a facial attack that does not require resolution of matters outside the pleadings.

**B.      Eleventh Amendment Immunity**

Plaintiffs do not specify whether they are suing Judge in his official or individual capacity.

An official capacity claim is merely another way of pleading an action against the entity of which the individual defendant is an agent. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). The State of Texas is the real party in interest when the plaintiff seeks relief that would be provided by the state. *Warnock v. Pecos Cty., Tex.*, 88 F.3d 341, 343 (5th Cir. 1996) (citing *Holloway v. Walker*, 765 F.2d 517, 519 (5th Cir.), *cert. denied*, 474 U.S. 1037 (1985)) (citing *Pennhurst State School and Hosp. v. Halderman*, 465 U.S. 89, 101 & n. 11 (1984)). Any suit against Judge in his official capacity or as an officer of the State of Texas is therefore a suit against the State. *See id.; see also Kentucky*, 473 U.S. at 165; *Freedom from Religion Foundation, Inc. v. Mack,* 4 F.4th 306, 311 (5th Cir. 2021).

The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." "This withdrawal of jurisdiction effectively confers an immunity from suit." *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). Therefore, "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). This immunity applies to both federal and state law claims brought in federal court. *See Raj v. La. State Univ.*, 714 F.3d 322, 328-29 (5th Cir. 2013) (determining that sovereign immunity bars both federal and state law claims brought in federal court); *Roberson v. McShan*, No. 05-20055, 2005 WL 2673516, at *1 (5th Cir. Oct. 20, 2005) (per curiam) (finding that Eleventh Amendment immunity divests federal courts of jurisdiction to hear federal and state law claims).

Although Congress has the power to abrogate that immunity through the Fourteenth

4

Amendment, *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 72–76 (2000), and the State may waive its immunity by consenting to suit, *AT&T Commc'ns v. BellSouth Telecomms. Inc.*, 238 F.3d 636, 643 (5th Cir. 2001), the State has not waived its immunity by consenting to suit, nor has Congress abrogated the Eleventh Amendment immunity by enacting 42 U.S.C. § 1983 or 42 U.S.C. § 1985. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Hines v. Miss. Dep't of Corr.*, No. 00-60143, 2000 WL 1741624, at *3 (5th Cir. Nov. 14, 2000) (per curiam). Additionally, "Congress did not abrogate Eleventh Amendment immunity by granting federal courts supplemental jurisdiction over state law claims in 28 U.S.C. § 1367(a). *Roberson*, 2005 WL 2673516, at *1 (citing *Raygor v. Regents of Univ. of Minn.*, 534 U.S. 533, 541–42 (2002)).

To the extent that Plaintiffs' complaint may be liberally construed as asserting any official capacity claims for monetary damages against Judge in his official capacity,[3] the claims are barred by Eleventh Amendment immunity and should be dismissed without prejudice.[4]

### III.  RULE 12(b)(5)

Judge next moves to dismiss Plaintiffs' claims under Rule 12(b)(5) for insufficient service. (*See* doc. 7 at 2; 8 at 3.)

Rule 12(b)(5) permits a challenge to the method of service attempted by the plaintiff, or the

---

[3] Federal courts look to the substance of a plaintiff's § 1983 claims to determine if a defendant is sued in his official or individual capacity. *See Graham*, 473 U.S. at 167 n.14; *Dillon v. Jefferson Cty. Sheriff's Dep't*, 973 F.Supp. 628, 631 (E.D. Tex. 1997); *Hopkins v. Guzman*, No. 06-5022, 2007 WL 2407247, at *4 (E.D. La. Aug. 17, 2007) ("the Court must look to the substance of the claims, the relief sought, and the course of the proceedings to determine in which capacity the defendant is sued" )(citing *United States ex rel. Adrian v. Regents of Univ. of Ca.*, 363 F.3d 398, 402-03 (5th Cir. 2004). Because Plaintiffs only seek monetary damages, it appears that they sue Judge only in his individual capacity. *See Thomas v. Dallas Hous. Auth.*, No. 3:14-CV-4530-B-BN, 2015 WL 2192785, at *5 (N.D. Tex. May 11, 2015) (factoring in the plaintiff's request for compensatory damages in determining that the suit was an individual capacity suit); *Dillon*, 973 F.Supp. at 631 (stating that factors such as the defendant's name, unlawful conduct, and relief sought are used in determining whether the suit was an official or individual capacity suit).

[4] Claims barred by sovereign immunity can only be dismissed for lack of subject matter jurisdiction "and not with prejudice." *Warnock v. Pecos Cnty.*, 88 F.3d 341, 343 (5th Cir. 1996).

5

lack of delivery of the summons and complaint. *See* Fed. R. Civ. P. 12(b)(5); *Coleman v. Bank of New York Mellon*, 969 F. Supp. 2d 736, 745 (N.D. Tex. 2013).  A federal court is without personal jurisdiction over a defendant unless that defendant has been served with process in accordance with Rule 4 of the Federal Rules of Civil Procedure. *See id.* (citing *Omni Capital Intern., Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987) and *Pavlov v. Parsons*, 574 F. Supp. 393, 399 (S.D. Tex. 1983)).  Rule 4(c) places the burden on plaintiff to ensure that defendants are properly served with summons and a copy of the complaint. Fed. R. Civ. P. 4(c)(1); *Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992).  For service to be effective, a plaintiff must comply with the requirements of Rule 4. Fed. R. Civ. P. 4; *Bowling v. Childress-Herres*, No. 4:18-CV-610-ALM-CAN, 2019 WL 4463450, at *6 (E.D. Tex. Aug. 7, 2019), *adopted by* 2019 WL 4451122 (E.D. Tex. Sept. 17, 2019).

Here, the Plaintiffs' proof of service on Judge reflects that Paul Douglas Celestine, who is a named plaintiff and therefore a party to this action, hand-delivered the summons to an employee of the Clerk's office rather than to Judge.  (*See* doc. 6 at 1.) Although Rule 4 provides for service under the state rules of civil procedure, neither it nor Rule 106(a) of the Texas Rules of Civil Procedure permits service of process by a party to the action. *See* Fed. R. Civ. P. 4(c)(2); Tex. R. Civ. P. 103.  Nor have Plaintiffs shown that the employee of the Clerk's Office to whom the summons was delivered was authorized to accept service of process for Judge.  Plaintiffs' attempt to serve Judge was ineffective, and dismissal without prejudice under Fed. R. Civ. P. 12(b)(5) is therefore proper.

Dismissal for insufficient service under Rule 12(b)(5) is typically not appropriate "unless there is no reasonably conceivable means of acquiring jurisdiction over the person of a defendant"

6

and is "usually without prejudice to allow plaintiff an opportunity to effect proper service." *Florance v. Buchmeyer*, 500 F. Supp. 2d 618, 633 (N.D. Tex. 2007) (citations omitted). Because Judge also moves for dismissal of Plaintiffs' claims under Rule 12(b)(6) for failure to state claim, and the motion should be granted for the reasons discussed below, dismissal without prejudice under Rule 12(b)(5) is unnecessary. *See Florance*, 500 F. Supp. 2d at 633 (denying defendants' motion to dismiss under Rules 12(b)(5) and 12(b)(2) because "dismissal for purposes of allowing plaintiff to serve defendants properly [was] unnecessary" when those same defendants "also filed motions to dismiss under Rule 12(b)(6)" that were granted); *see also Coleman*, 969 F. Supp. 2d at 746-54 (considering arguments for dismissal under Rule 12(b)(6) even though dismissal under Rule 12(b)(5) was proper).

### IV. RULE 12(b)(6)

Judge moves to dismiss Plaintiffs' claims under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. (*See* docs. 7 at 1, 2; 8 at 1.)

**A.    Legal Standard**

Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *see also Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). It is well-established that "*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981). Nonetheless, regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954

F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," however. *Id.* at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (citations omitted). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 556 U.S. at 678.

**B.** **Judicial Immunity**

Judge contends that Plaintiffs' claims against him are barred by judicial immunity. (*See* doc. 8 at 6-7.)

The Supreme Court has recognized absolute immunity for judges acting in the performance of their judicial duties. *See Nixon v. Fitzgerald*, 457 U.S. 731, 745–46 (1982). Judges are immune

8

from suit for damages resulting from any judicial act. *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991). Allegations of bad faith or malice do not overcome judicial immunity. *Id.* at 11. A plaintiff can overcome the bar of judicial immunity only under two very limited circumstances. *See Mireles*, 502 U.S. at 11–12; *see also Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994). First, a judge is not immune from suit for actions that are not "judicial" in nature. *See Mireles*, 502 U.S. at 11. "[W]hether an act by a judge is a 'judicial' one relate[s] to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Davis v. Tarrant County, Tex.*, 565 F.3d 214, 222 (5th Cir. 2009) (quoting *Mireles*, 502 U.S. at 12). "[T]he relevant inquiry is the 'nature' and 'function' of the act, not the 'act itself.' In other words, [a court should] look to the particular act's relation to a general function normally performed by a judge . . . ." *Id.*

> [The Fifth Circuit] has adopted a four-factor test for determining whether a judge's actions were judicial in nature: (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity. These factors are broadly construed in favor of immunity.

*Davis*, 565 F.3d at 222–23 (citations omitted). "'The absence of one or more factors will not prevent a determination that judicial immunity applies.'" *Thomas v. State*, 294 F. Supp. 3d 576, 600 (N.D. Tex. 2018)(quoting *Carter v. Carter*, No. 3:13-CV-2939-D (BF), 2014 WL 803638, at *1 (N.D. Tex. Feb. 20, 2014) (in turn citing *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005)). Second, a judge is not immune from suit for actions that although judicial in nature, are taken in the complete absence of all jurisdiction. *See Mireles*, 502 U.S. at 12; *see also Malina v. Gonzales*, 994 F.2d 1121, 1124 (5th Cir. 1993).

Here, Plaintiffs complain that Judge violated their rights "by the statement from the bench" and that he committed "an error of law." (*See* doc. 2 at 2.) Because the alleged conduct was within the scope of his judicial duties, Judge is entitled to judicial immunity from any federal claims against him in an individual capacity. To the extent that Plaintiffs' statement that "[a]ll the conduct is in violation of State Law", (*see* doc. 2 at 2), may be liberally construed as asserting any state law individual capacity claims against Judge, he is also entitled to judicial immunity on any state claims asserted against him under state law because"'Texas courts employ the same judicial immunity analysis as the federal courts in this Circuit[.]'" *See Thomas*, 294 F. Supp. 3d at 601 (quoting *Durrance v. McFarling*, No. 4:08-CV-289, 2009 WL 1577995, at *3 (E.D. Tex. June 4, 2009) (in turn citing *Hawkins v. Walvoord*, 25 S.W.3d 882, 890 (Tex. App.—El Paso 2000, pet. denied)); *see also Sharp v. Palmisano*, No. 16-5429, 2013 WL 5969661, at *4 (E.D. La. Nov. 8, 2013) (citing *Hawkins*, 25 S.W.3d at 890) (recognizing that Texas' judicial immunity principles mirror the federal judicial immunity doctrine).

**C.     Failure to State a Claim**

Judge also contends that Plaintiffs have failed to state a claim upon which relief may be granted against him. (*See* doc.8 at 7.)

***1.     Conspiracy Claims***

To state a conspiracy claim under § 1983, a plaintiff must allege facts to support "(1) the existence of a conspiracy involving state action and (2) a deprivation of civil rights in furtherance of the conspiracy by a party to the conspiracy." *Pfannstiel v. City of Marion*, 918 F.2d 1178, 1187 (5th Cir. 1990), *abrogated on other grounds as recognized by Martin v. Thomas*, 973 F.2d 449, 455 (5th Cir. 1992). A bald allegation that a conspiracy exists, unsupported by any factual allegations,

10

is insufficient to state claim. *Lynch v. Cannatella*, 810 F.2d 1363, 1370 (5th Cir. 1987); *see also Green v. State Bar of Tex.*, 27 F.3d 1083, 1089 (5th Cir. 1994) (stating that a plaintiff is required to allege facts sufficient to suggest an agreement among one or more parties); *Anderson v. Law Firm of Shorty, Dooley & Hall*, 393 F. App'x 214, 217 (5th Cir. 2010) (per curiam) ("'Plaintiffs who assert conspiracy claims under civil rights statutes must plead the operative facts upon which their claim is based. Bald allegations that a conspiracy existed are insufficient.'") (quoting *Lynch*, 810 F.2d at 1369-70). Here, Plaintiffs have alleged no facts to support their conclusory § 1983 conspiracy claims. *See*, *e.g.*, *Anderson*, 393 F. App'x at 217.

Although Plaintiffs do not identify the subsection of § 1985 under which they are suing, their claims are liberally construed as arising under subsection (3), which involves the deprivation of rights or privileges under the law.[5] 42 U.S.C. § 1985(3). To state a claim, they must allege: (1) a conspiracy of two or more persons; (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) which causes injury to a person or property, or deprives her of a right or privilege of a United States citizen. *See Hilliard v. Ferguson*, 30 F.3d 649, 652-53 (5th Cir. 1994); *Deubert v. Gulf Fed. Sav. Bank*, 820 F.2d 754, 757 (5th Cir. 1987). They must further allege that the conspirators were motivated by race. *See Cantú v. Moody*, 933 F.3d 414, 419 (5th Cir. 2019) ("[I]n this circuit . . . the only conspiracies actionable under section 1983(3) are those motivated by racial animus.") (quoting *Deubert*, 820 F.2d at 757); *Horaist v. Doctor's Hosp. of Opelousas*, 255 F.3d 261, 271 (5th Cir. 2001). Plaintiffs have not alleged any

---

[5] Subsections (1) and (2) of § 1985 respectively prohibit conspiracies preventing an officer from performing duties, and obstructing justice by intimidation of a court party, witness, or juror. 42 U.S.C. §§ 1985(1), (2). The amended complaint does not assert any allegations relating to these provisions.

11

facts showing discrimination based on a suspect class for purposes of equal protection, or that any alleged conspiracy was motivated by racial animus.

Section 1986 "extends liability in damages to those persons 'who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985. . . are about to be committed, and having power to prevent or aid in prevention commission of the same, (neglect or refuse) so to do." *Bradt v. Smith*, 634 F.2d 796, 801-02 (5th Cir. 1981) (citing 42 U.S.C. § 1986) (parenthesis in *Bradt*). "This section on its face requires the existence of a valid claim under § 1985." *Id.* (citation omitted). Because § 1986 requires a valid claim under § 1985, Plaintiffs also fail to state a claim under § 1986.

Plaintiffs' conspiracy claims should be dismissed.

### 2. *Claims Based on Criminal Statutes*

Plaintiff also expressly sues under various federal criminal statutes.

Violations of criminal statutes do not give rise to a private cause of action. *See Hanna v. Home Insurance Co.*, 281 F.2d 298, 303 (5th Cir.1960), *cert. denied*, 81 S.Ct. 751 (1961). For this reason, Plaintiffs' claims under "[t]he sections of Title 18 may be disregarded in this suit. They are criminal in nature and provide no civil remedies." *Id.*; *see also Fierro v. Robison*, 405 F. App'x 925, 926 (5th Cir. 2010) (holding that § 241 does not provide a private cause of action); *Pham v. Tex. State Bd. of Dental Exam'rs*, No. A-17-CV-1008 RP, 2018 WL 3978371, at *2 n.2 (W.D. Tex. Aug. 17, 2018) (recognizing that there is no private right of action under 18 U.S.C. § 1001 because it is a criminal statute); *Sappore v. Arlington Career Inst.*, No. 3:09-CV-1671-N, 2010 WL 446076, at *2 (N.D. Tex. Feb. 8, 2010) ("Private citizens do not have the right to bring a private action under a federal criminal statute.") (citing *Pierre v. Guidry*, 75 F. App'x 300, 301 (5th Cir. 2003) (per

12

curiam)). "[D]ecisions whether to prosecute or file criminal charges are generally within the prosecutor's discretion;" private citizens have "no standing to institute a federal criminal prosecution and no power to enforce a criminal statute." *Gill v. State of Texas*, 153 F.App'x 261, 262–63 (5th Cir. 2005) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) and *United States v. Batchelder*, 442 U.S. 114, 124 (1979)); *see also Florance v. Buchmeyer*, 500 F.Supp.2d 618, 626 (N.D. Tex. 2007) (private party may not enforce criminal statutes through a civil action).

To the extent their claims are based on alleged violations of federal criminal statutes, Plaintiffs fail to state a claim upon which relief may be granted.

### 3. *Remaining Claims*

Plaintiffs list other statutes in the title of their complaint and state that their "[l]awsuit is being filed for all of the above reason[.]" (*See* doc. 2 at 1.) They do not again mention the statutes or provide any facts in support of any claims under the, however. Accordingly, they have also failed to state a claim upon which relief may be granted under those statutes.

### V. LEAVE TO AMEND

The Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Brynes*, No. 3:07-CV-1975-D, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, No. 3:00-CV-0863-D, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). Courts therefore typically allow *pro se* plaintiffs an opportunity to amend their complaints when the action is to be dismissed pursuant to a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 3:96-CV-2923-D, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at *2. Courts, nonetheless, may appropriately dismiss an action with prejudice without giving an opportunity to amend when the plaintiff fails to respond to a

motion to dismiss after being specifically invited to do so by the court, *Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995), or if it finds that the plaintiff has alleged his or her best case, *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999); *Wiggins v. La. State Univ.—Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (citations omitted).

Here, Plaintiffs failed to respond to the motion to dismiss despite being specifically invited to do so, and they seek to sue an immune defendants. Further leave to amend is neither necessary nor warranted.

## VI.  RECOMMENDATION

Judge's motion to dismiss should be **GRANTED**. Any claims against him in his official capacity should be **DISMISSED WITHOUT PREJUDICE** under the Eleventh Amendment, and the claims against him in his individual capacity should be **DISMISSED WITH PREJUDICE** for failure to state a claim.

**SO RECOMMENDED on this 22nd day of September, 2023.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

14

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE